UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAYE THIAM,

Petitioner,

v.

UNKNOWN PARTY,

Respondent.

Case No. 1:26-cv-3203

Honorable Robert J. Jonker

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.)[1] For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by an immigration court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner or provide Petitioner with a bond hearing. (Pet., ECF No. 1, PageID.4– 6.)

[1] In addition to filing the § 2241 petition, Petitioner also filed a motion for expedited consideration. (ECF No. 2.) As set forth in this opinion, the Court will deny Petitioner's § 2241 petition and, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending motions.

In an order entered on November 13, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondent filed their response on November 16, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a noncitizen who has been in ICE custody since April 2, 2026. (Resp., ECF No. 6, PageID.64.) On August 13, 2026, Petitioner filed his first § 2241 petition challenging the constitutionality of his detention in *Thiam v. Unknown Party et al., (Thiam I)*, No. 1:26-cv-2325 (W.D. Mich.). In *Thiam I*, the Court dismissed without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requiring Petitioner to exhaust the available administrative remedies. Op. & J., *Thiam I*, (W.D. Mich. Sep. 2, 2026), (ECF Nos. 10, 11).
On October 16, 2026, Petitioner received a bond hearing at which he was denied bond. (Pet., ECF No. 1, PageID.4.)

On May 2, 2025, the Immigration Court ordered Petitioner's removal from the United States. (Immigration Judge Order, ECF No. 6-3, PageID77–80.) Petitioner appealed his removal order to the Board of Immigration Appeals (BIA). (Resp., ECF No. 6, PageID.64.) On November 12, 2026, the BIA dismissed Petitioner's appeal. (BIA Order, ECF No. 6-4, PageID.84–85.) This made Petitioner's removal order administratively final.

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Analysis**

As noted above, on May 2, 2025, the Immigration Court ordered that Petitioner be removed from the United States. (Immigration Judge Order, ECF No. 6-3, PageID77–80.) On November 12, 2026, the BIA dismissed Petitioner's appeal. (BIA Order, ECF No. 6-4, PageID.84–85.) Accordingly, Petitioner's order of removal became administratively final on November 12, 2026, and at that time Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set

forth in 8 U.S.C. § 1231, the Court will deny without prejudice Petitioner's § 2241 petition, in which Petitioner asks for a bond hearing under § 1226.[2]

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 24, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge

[2] If Petitioner's circumstances change, Petitioner is free to file a *new* § 2241 petition challenging his detention.